**ZEN–HUANG LIU, a.k.a. Zenghuang Liu, Petitioner,**

v.

**Michael B. MUKASEY,\* United States Attorney General, Respondent.**

No. 07–4915–ag.

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Zen–Huang Liu, pro se, Alhambra, CA, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Terri León–Benner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Zen–Huang Liu, a native and citizen of the People's Republic of China, seeks review of the October 10, 2007 order of the BIA denying his motion to reopen. *In re Zen–Huang Liu*, No. A77 322 603 (B.I.A. Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen and reconsider for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).[1]

■ To the extent that Liu challenges the BIA's denial of his motion to reconsider, the BIA reasonably denied said motion because he failed to specify errors of fact or law in the agency's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). Rather, Liu simply responded to evidentiary defects noted by the BIA in denying his motion to reopen and reasserted his earlier arguments. *See also Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (holding that "[t]he BIA does not abuse its discretion by denying a motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected.").

With regard to the BIA's denial of Liu's second motion to reopen, we have remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

■ We find that the BIA did not abuse its discretion in denying Liu's motion to reopen as untimely. As the BIA noted, its prior decision was issued in September

---

1. Where Liu failed to file a petition for review from the BIA's denial of his first motion, we confine our review to the denial of his second motion, which the BIA construed as both a motion to reconsider and a motion to reopen. *See Ke Zhen Zhao*, 265 F.3d at 90.

2002, but Liu did not file his motion until August 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Liu's motion did not qualify for such an exception.

Indeed, it is well-settled that a change in personal circumstances, such as Liu's baptism, does not excuse the time limit for filing a motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Moreover, the BIA correctly found that Liu's evidence did not demonstrate changed country conditions in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). In addition, the BIA reasonably declined to credit Liu's assertions and particularized evidence based on the agency's underlying adverse credibility finding. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). Thus, because the BIA did not err in finding that Liu failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.